Chief of Staff for the Office of the Undersecretary of Defense for Personnel and Readiness, United States Department of Defense. Mr. Schmidt for the petitioner, Mr. Nemeroff for the respondent. Please. May it please the Court, my name is Joseph Schmitz and I represent Lieutenant Colonel Robert W. Rodriguez, U.S. Army Reserve retired, who is with us at table today to my far right, along with my co-counsel, Paul Kaminar. The administrative record today before this Court documents a 20-year military whistleblower odyssey that began in 1996 when Lieutenant Colonel Rodriguez was directed to falsify Army National Guard personnel attendance records in what became known as the Army's Ghost Soldier Scandal. When he refused to falsify the records, Lieutenant Colonel Rodriguez was relieved of command. Shortly after Lieutenant Colonel Rodriguez filed his complaint with the New York Army National Guard Inspector General, he was constructively discharged from the Army, just before he would have been considered for promotion to Colonel. The final decision in the administrative record before this Court today is the result of a conflicts of interest plagued and lawless sham of an administrative appeal process mandated by Congress. Twenty years after his initial whistleblowing, four years after submitting his administrative appeal to the Secretary of Defense, for which the statute mandates, quote, the Secretary shall make a decision to reverse or uphold the decision of the Secretary of the Military Department concerned in the matter within 90 days after receipt of such a submittal, close quote. Can you start with addressing why this Court has jurisdiction? I'd be glad to, Your Honor. But before I get to jurisdiction, if I may, I want to point out something that may not be obvious in the record. I'd be glad to address jurisdiction first, if you like. Well, is what you're going to address, does it pertain to jurisdiction? Yes, it does. Okay. It goes to the equitable jurisdiction of the Court. In Section 4C of our Petitioner's Brief, page 42 to 43, we point out that Respondent's final decision missed the 90-day statutory time deadline and is therefore arbitrary and capricious. Respondent neglected even to address this argument, and therefore, based on this unrebutted argument alone, the Court should vacate the final decision on review and remand with specific instructions to grant the relief outlined on page 47 or 48 of our Petitioner's Brief, including retroactive promotion to Colonel. And to make this judicial review result even easier, Respondent includes in the Administrative Record, Deferred Appendix, pages 73 to 76, the signature-ready draft memorandum we prepared in September of 2012 for the Secretary of Defense to effectuate what is called the Whole Loaf of Relief, required by law for whistleblowers such as Lieutenant Colonel Rodriguez. And based on the 20-year odyssey that is fully documented... Just to be clear, I hope you're going to get to jurisdiction, but two, at least half of that 20-year odyssey was because your client didn't raise any claim for 10 years, is that correct? He wasn't legally able to raise claims. Okay, but let's just be fair. Yeah. All right. Can you talk about jurisdiction now? Yes, Your Honor. This is a case of first impression. When Congress doesn't specify the court in which judicial review of that administrative appeal should begin, there's no indication in the Military Whistleblower Protection Act whether an appeal of that administrative appeal should start back in a trial court. And we maintain that that would be an absurd result, considering that this is a 20-year odyssey, and the administrative record has been fully prepared in the course of the administrative appeal to the Secretary of Defense. But I thought default review under the APA lies in the district court, not in the court of appeals. No. In fact, this court's case law recognizes Florida Light, which actually talks about the requirement of looking at the entire case and making a determination whether we can... So Florida Light, there was a direct review provision, right? In Florida Light, there was a direct review provision that provided for direct review. It addressed the principles that the court has to address in determining whether or not the starting point for a review of any administrative decision, a final decision, under the APA, Section 702, which we invoked and which the government recognizes is the basis for us being before the court today. But in the APA, Congress doesn't say that the right of review has to start at the district court. No, but earlier this year, the circuit, and we're bound by panel precedent, a panel of this court in loan syndication said that the normal default rule is that persons seeking review of agency action go to district court rather than to court of appeals. And we only get into the type of analysis that occur in Florida Light if we have a statute that provides for direct review. How do you distinguish loan syndication's language? Okay. For holding? Yeah. In loan syndication A, and this is why I wanted to focus on this 20-year odyssey, there was no such equitable consideration. In loan syndication, in fact, the court actually reiterated... Then they'd have to go to district court? So this is an equitable exception? So normally these cases should go to district court, but we should make an equitable exception because of the time lapse in this case? Well... I'm just saying, this should be a yes or no question. Is your position that the normal default rule under the Whistleblower Protection Act is that it should go to district court? No. No. No, our position... So then your argument has nothing to do with 20 years? The 20-year odyssey has nothing to do with... the jurisdictional argument has nothing to do with... Well, the equitable jurisdiction of this circuit court is an extraordinary exercise of jurisdiction. No, then that's back to my question. So there's two ways to go here. One is that the best statutory analysis is that all whistleblower claims like this, in his category, under this statute, go directly to the court of appeals. That's one option. If they have exercised the administrative appeal route? Yes. Yes, exactly. So you've already got the administrative record, no need for any fact-finding? Yes. So one holding would be all whistleblower claims that come through that administrative avenue go directly to the court of appeals. That's one option. Actually, that's not exactly our position. I want you to just clarify for me. This is how I'm thinking, and you can tell me why I'm thinking wrong. One option is all whistleblower protection act cases that choose the administrative review process, at the end of that process, go directly to court of appeals as a matter of statutory construction. The second option is they may actually go to district court ordinarily, but because you have equitable jurisdiction for extraordinary circumstances, you can make an exception in this case. Yes. So is it the statutory construction route, all who go through this administrative process go to the court of appeals, or are you arguing that this is an exceptional case and just this one comes to the court of appeals? We are arguing that under the exceptional circumstances of this case, when Congress has not spoken to the issue, unlike in the Florida powers where they did have a list of certain final decisions, and then they had to construe whether Congress really would have intended this particular action to be on the list, there's no list at all here. There's just complete silence in the statute. So we are suggesting under this situation, when there is a hole in the statute that the court must fill with regard to jurisdiction, that because of the extraordinary circumstances of this case and under equitable jurisdiction principles, you should defer to the whistleblower who chose in this case in the interest of effectuating a speedy result, which was the intent of Congress by putting that 90-day requirement in. Congress obviously intended a speedy result generally here, and this whistleblower decided, instead of wasting years and years starting in a trial court again, building another record after already doing that, to try to seek a more speedy result here in this court. And we believe that when Congress is silent in a situation like this, the court should construe that silence in favor of the whistleblower so that if he chooses to come into this court directly, he has that option. So that would apply to every whistleblower who goes through administrative review. Every whistleblower. It's possible that there's a – let me give you an example, which is why I'm not saying – I'm really just – yeah. What is your – is it – The example is – It's either all or it's we choose one at a time who comes to this court and who goes to district court. As far as I'm concerned, this is a sui generis situation, which is why I wanted to emphasis the 20-year odyssey. This is sui generis. You're not going to be opening up a flood of appeals to this court. Are you – can you give me any case authority that says jurisdiction under a statutory scheme in a federal court can be determined on a case-by-case, individual circumstances basis? Well, and when you exercise equitable jurisdiction, you're – What's your best case that says we can do that on a case-by-case, individual circumstances? Does it have to be – can it be a statute? Yeah. I guess it's not this statute. The Judiciary Act of 1789, which gives circuit courts equitable power. Okay. Don't the cases that you cite, they're district court cases, you cite for the equitable power? Well, actually, the Judiciary Act gave all courts, including circuit courts, equitable power. Equitable power in cases in which they have jurisdiction. Equitable jurisdiction. Where is this – again, I guess I don't see anything in the Judiciary Act text or – and I haven't yet seen a case that says we have equitable jurisdiction that we can apply on a case-by-case basis to decide whether you come to court of appeals or district court. Just haven't seen that. You might be right. I just haven't seen it. As I said at the very beginning of my jurisdiction argument, this is a case of first impression. We looked and looked. We have found no precedent anywhere for this type of a situation. Okay. Thank you. May it please the Court. Patrick Normaroff on behalf of the government. This Court has been very clear that absent a statute that expressly provides for direct review in the court of appeals, court of appeals do not have jurisdiction over an APA action, and the default jurisdiction lies in the district court. Petitioner concedes that there is no such statute providing for direct review here. And as to Petitioner's equitable argument, of course courts have equitable authority when the court has jurisdiction, but there is no case that I'm aware of that suggests that courts can exercise jurisdiction in the first instance as a matter of equity. Now, I think that settles the case. I'm happy to answer any questions that you have about that. If we were to agree with you, would the proper course be to transfer the case to the district court, to the court of claims, dismiss it? So as we flagged in our brief, it's not clear where the jurisdiction would properly lie in this case because there are a number of cases that arise in these sorts of contexts that go either to district court or to the court of claims, and the question is really whether the individual is seeking monetary damages in excess of $10,000, in which case the Tucker Act applies. Here, because normally what the court does and what this court has said in Toodle and Kidwell, which we said in our brief, the court looks at the four corners of the complaint to determine what it is that the individual is actually seeking. Abstinent complaint, there is no such complaint here. We don't think the court can make a determination, so we think what makes the most sense is to dismiss and allow. He says he's seeking back pay, and I guess I had a question because I know under Title VII there's at least some authority that back pay is equitable rather than damages, and maybe that was changed by 1991 Civil Rights Act, but do you have a position as to whether a request for back pay would mean that this should go to the court of claims? I know that there are contexts in which the court of claims in the Federal Circuit has handled claims for back pay, and the question I think was whether there was a money-mandating statute at issue that required back pay. So there are, for example, if Your Honor wants to find a case on this point, Lewis v. United States, which is 458 F. 3rd, 1372, is a Federal Circuit case in which the individual was seeking back pay after retroactive promotion, and that was before the Federal Circuit under the Tucker Act. Really, we wanted to flag the issue because it's not clear where jurisdiction lies, and at a minimum we'd just preserve. But wouldn't that ambiguity as to what even the content of the claim is and the nature of the relief sought counsel in favor of a transfer to the district court so that a complaint can be filed and can figure out what's being sought here? Because until we know what relief is sought, there could be some statute of limitations issues, could there not? There could be with respect to some of the Tucker Act claims. I don't think there would be with respect to the APA claims. Of course. But as to the back pay, there might or might not be, certainly to the extent he alleges a constructive discharge. I don't think we're strongly resisting transferring it to the district court, but we wanted to flag the point that it's not clear that jurisdiction would properly lie in the district court. You can't tell. Normally, you don't decide which trial court you go to until a complaint is filed. The district court could then, if need be, transfer it to the Court of Federal Claims? That's right, and we would just preserve our jurisdictional arguments. And just on the statute of limitations point, just to the extent it's relevant, while there might be issues under the Tucker Act because the six-year statute of limitations would accrue at the time of events being challenged, not at the time of the board's decision, transferring wouldn't cure that statute of limitations problem. So just to the extent what the court's looking for is whether it would be in the interest of justice. Well, what about the, because there was the settlement and then the reissuance of a decision, or a new decision by the chief of staff that's challenged here. Does that reset the statute of limitations? Co-operative Senate is challenging that determination. For purposes of the APA, yes. But also for? I guess I don't know the answer, Your Honor. And to the extent, I think the court could reasonably transfer and allow the district court to figure all this out, or the court could dismiss and allow the petitioner to file a complaint in whichever court the petitioner thinks it belongs. But you're acknowledging there could be some potential statute of limitations problems for part of his claims? Sure. But even, I guess, to the extent Ms. Penrod's decision is relevant, we would still be within the six years of statute of limitations. For APA, but we don't know about for back pay. Right. I guess I'm just saying I don't think that whether it's transferred or dismissed is relevant to that determination. But, again, if the court thinks the transfer is appropriate, we would just seek to preserve any jurisdictional arguments that we might want to raise. Do you happen to know if the Military Pay Act is considered a money-mandating statute? Actually, the federal circuit has held that it's not a money-mandating statute. It's not? So, of course, a claim for retroactive pay here, to the extent that's what petitioners are seeking, would need to identify another money-mandating statute. Does the United States agree with that position about the Military Pay Act? Sorry? Just because it's the position of the federal circuit doesn't mean it's the position of the United States government. The Military Pay Act is not a money-mandating statute? Oh, sorry. The Military Pay Act. Oh, I'm sorry. I misheard, Your Honor. I believe the Military Pay Act is a money-mandating statute. Sorry. I've heard the Military Wistleblower Protection Act. Sorry. Okay. My apologies. Okay. Thank you very much. Thank you, Counsel. We'll give you one minute back for rebuttal. Before you start, can I ask you, can you clarify what relief you're seeking? Because I thought your reply brief said you were just seeking equitable relief and not back pay. But is your claim sick? There is no back pay issue because Lieutenant Colonel Rodriguez is a reservist, and you would not get back pay unless he had been drilling. And since he got constructively discharged, he never drilled. Back pay is a complete red herring, as is the Tucker Act. This is not a normal case. So if he were to be retroactively determined to have been a colonel, there would be no financial compensation? Not a penny from the U.S. government? The only automatic thing that would happen is that as of the date of his retroactive promotion, the Defense Finance and Auditing Service would go back automatically, no discretion, and they would just pay him the differential of what he would have made as a colonel from the date of the retroactive promotion. And that is not considered money damages? No, but it's money. I thought you said he wouldn't be due any money, but now he would. No, I said he wouldn't be due any back pay. Back pay is something that you're being paid for, for something you earned. It's a term of art. He's never asked for back pay. How do you characterize what it is that he would get paid if he were retroactively promoted? How do you characterize that amount of money making up the difference? It's not just how I would. The courts characterize it as an automatic function that comes with retroactive promotion. It's not considered money damages. And it's not titled back pay? I think we were asking what is it titled? I don't believe it's titled back pay at all. If one were to want to search for it, I don't think it would be what you just said, which is a retroactive function. Back pay normally is not damages. I've won these cases at the boards, and what happens is the board does not award any money damages. It just says retroactively promote. The person gets retroactively promoted, and as a matter of course, the differential comes out in the pay system so that everything. Typically, for example, in an employment discrimination case or an MSPB case or different cases under different federal statutes, that would typically be referred to as back pay, which is the source, I think, of our confusion. Right, right. Not money damages. And this is not a Title VII case. This is not a Tucker Act case. This is a simple APA review of arbitrary and capricious agency action, which, as I have been trying to color for you, this is extraordinary, and it's screaming out for judicial review. Are you saying that the payment part of it actually isn't part of the action at all? In other words, that the action is just to seek reclassification, and then unlike other cases where back pay is requested as a form of relief. That's right. The payment actually doesn't have anything to do with the action. It's just that the reclassification then occasions some internal administrative mechanism. That's right. That's exactly right. And going back to your question, Your Honor, if you look at page, I think, 47 of our, we spell out very, very clearly exactly what relief we're asking for, and I was just highlighting earlier when, even before I started, about jurisdiction. It would be so easy for this court, simply on the basis of missing a 90-day statutory deadline, declaring the decision before the court arbitrary and capricious and directing the relief we've asked. And as I said, respondents made it even easier by putting in the signature-ready memo from the Secretary of Defense to the Secretary of Army saying, make it happen. Just one other question. You do assert a constructive discharge, correct? Yes, Your Honor. And when did that constructive discharge happen? It's just a fact question. 1997. All right. So just one final point, if I may. If you just look at the result, if you transfer this to another court, you're going to take a 20-year odyssey and you're going to make it probably 24, and my client's going to die. So are you opposed to transferring? If we were to determine that we didn't have jurisdiction, are you opposed to transfer? In the interest of justice, Your Honor, this case is screaming for a resolution. Let me try one more time. I'll try one more time. Are you opposed? If we were to determine, and you've raised arguments that we obviously have to grapple with, but if we were to determine, I'm going to suss this all out, if we were to determine there's no appellate jurisdiction in the first instance, we have two options. One is dismiss, and then you formulate your complaint and file it where you wish, or transfer. Do you have a...? Well, I think that Your Honor's hit on an issue. I think the government, frankly, is doing what they've been doing for 20 years. They're trying to roll my client. I'm asking you what your position is in that situation. I would, if you transferred us to the district court below, we would reluctantly carry on and try to basically make the exact same arguments we made in this case before a district judge who's used to dealing with factual questions. And these are pure legal questions before the court. Would you prefer that, or would you prefer dismissal? I would... We understand that neither of those are certain. Your first choice would be to have relief from us. Yes, we would prefer to be transferred to the district court below over a dismissal for lack of jurisdiction. That's a distinct second choice. Absolutely, Your Honor. Please, this has been 20 years, and my client's going to die. Thank you, counsel. Case is submitted.
judges: Srinivasan, Millett, Pillard